IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSAN I. NWOGA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-25-2141 |
| CATHERINE SCHUSTER PASCALE, et al., | * | |
| | * | |
| Defendants. | | |

* * *

**MEMORANDUM OPINION**

THIS MATTER is before the Court on self-represented Plaintiff Susan I. Nwoga's Motion for Leave to File Third Amended Complaint ("Motion for Leave to Amend") (ECF No. 78), Defendant Silverman, Thompson, Slutkin & White, LLC's ("STSW") Motion for Sanctions (ECF No. 69), and Defendant Wright, Constable & Skeen, LLC's ("WCS") Motion for Rule 11 Sanctions (ECF No. 70). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny Nwoga's Motion for Leave to Amend, grant STSW's Motion for Sanctions, and grant in part and deny in part WCS's Motion for Rule 11 Sanctions.

## I. BACKGROUND

This case arises from the alleged circumstances surrounding Nwoga's 2018–19 state prosecution and conviction for Medicaid fraud and related offenses.[1] See State v. Nwoga,

[1] The Court takes judicial notice of the dockets from Nwoga's criminal case in the Circuit Court for Baltimore City, Maryland, and from the civil cases filed by Nwoga in the Circuit Courts for Baltimore City and the Circuit Court of Montgomery County, Maryland,

No. 118114013 (Cir.Ct.Balt.City Apr. 24, 2018). In 2019, following a bench trial, the Circuit Court for Baltimore City, Maryland, found Nwoga guilty of one count of Medicaid fraud, one count of theft of over $100,000, and 287 counts of distribution of controlled substances and sentenced her to a term of incarceration followed by a period of supervised probation. Id. Richard Karceski of STSW and Howard Schulman of WCS represented Nwoga during her criminal proceedings. Id. The Court of Special Appeals of Maryland[2] affirmed Nwoga's conviction and sentence on February 17, 2021. See Nwoga v. State, Case Nos. 0741 & 2652, Sep. Term 2019 (Md.Ct.Spec.App. Feb. 17, 2021), cert. denied, 255 A.3d 1095 (Md. 2021). To date, her conviction remains valid.

Since the Circuit Court for Baltimore City convicted and sentenced Nwoga in 2019, she has filed thirteen actions (the present action, nine others in this Court, and three in Maryland state courts) against STSW, WCS, Karceski, Schulman, and other STSW and WCS attorneys for their alleged actions in connection with her prosecution and conviction; the present case excepted, each has been dismissed, most at the pleading stage. See Nov. 22, 2019 Mem. Op. at 1, 7, Nwoga v. Karceski, No. GLR-19-2899 (D.Md. Nov. 22, 2019) (ECF No. 5) (October 2, 2019 complaint alleging theft by deception, larceny, receipt of stolen property, professional misconduct, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., dismissed sua sponte for lack of subject matter

---

against Defendants STSW and WCS and attorneys in their employ in connection with her prosecution and conviction. See Fed.R.Evid. 201(b)(2) (permitting a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] Effective December 14, 2022, the Court of Special Appeals of Maryland was renamed the Appellate Court of Maryland.

jurisdiction); Nwoga v. Karceski, No. 24-C-19-005133 (Cir.Ct.Balt.City Oct. 9, 2019) (complaint dismissed February 2023 for failure to effect service);[3] Dec. 20, 2022 Order at 2, Nwoga v. Karceski, No. GLR-22-2976 (D.Md. Dec. 20, 2022) (ECF No. 5) (November 16, 2022 complaint seeking order from the Court compelling state court to order STSW and WCS attorneys to provide discovery in state court action dismissed sua sponte for lack of jurisdiction); Feb. 27, 2023 Order at 1, Nwoga v. Karceski, No. GLR-23-76 (D.Md. Feb. 27, 2023) (ECF No. 4) (January 11, 2023 complaint identical to that in Case No. GLR-22-2976 dismissed sua sponte for lack of jurisdiction); Nwoga v. Stanley, No. C-15-CV-24-002005 (Cir.Ct.MontgomeryCnty. Apr. 26, 2024) (complaint alleging fraud, theft by deception, conspiracy, unjust enrichment, and aiding and abetting trespassing dismissed with prejudice December 26, 2024);[4] May 14, 2025 Order at 1, Nwoga v. Silverman, Thompson, Slutkin & White, No. MJM-25-1444 (D.Md. May 14, 2025) (ECF No. 5) (May 5, 2025 complaint alleging legal malpractice and fraud dismissed sua sponte for lack of subject matter jurisdiction); July 28, 2025 Order at 1–3, Nwoga v. Silverman, Thompson, Slutkin & White, No. GLR-25-1594 (D.Md. July 28, 2025) (ECF No. 4) (May 16, 2025 complaint alleging STSW and WCS attorneys' commission of several criminal offenses dismissed sua sponte for lack of standing and jurisdiction); Nwoga v. Pascale, No. GLR-25-2141 (D.Md. July 2, 2025) (instant case); Aug. 19, 2025 Mem. & Order at 1, Nwoga v. Silverman, Thompson, Slutkin & White, No. BAH-25-2637 (D.Md. Aug. 19, 2025) (ECF

[3] (See Feb. 16, 2023 Order Cir. Ct. Balt. City, ECF No. 59-12).

[4] (See generally Apr. 26, 2024 Compl. Cir. Ct. Montgomery Cnty., ECF No. 56-19; Dec. 26, 2024 Orders Cir. Ct. Montgomery Cnty., ECF Nos. 61-3 to 61-5).

No. 4) (August 8, 2025 complaint alleging legal malpractice, fraud, and respondeat superior liability dismissed sua sponte for lack of subject matter jurisdiction); Sep. 11, 2025 Order at 1–4, Nwoga v. Silverman, Thompson, Slutkin & White, No. GLR-25-2966 (D.Md. Sep. 11, 2025) (ECF No. 5) (September 9, 2025 Civil Rights action under 42 U.S.C. § 1983 for alleged violations of Nwoga's Fifth and Sixth Amendment rights and respondeat superior liability dismissed sua sponte for lack of subject matter jurisdiction); Sep. 30, 2025 Order at 1–2, Nwoga v. Silverman Thompson, No. GLR-25-3106 (D.Md. Sep. 30, 2025) (ECF No. 5) (complaint alleging breach of fiduciary duty, fraudulent misrepresentation, conspiracy to obstruct justice, intentional infliction of emotional distress, respondeat superior liability, "violation of federally protected activities" under 18 U.S.C. § 245, breach of contract, and "tortious interference with prospective economic advantage," Compl. at 12–23, Nwoga v. Silverman Thompson, No. GLR-25-3106 (D.Md. Sep. 18, 2024) (ECF No. 1), dismissed sua sponte for lack of subject matter jurisdiction); Nov. 5, 2025 Order at 1–3, Nwoga v. Silverman, Thompson, Slutkin & White, No. GLR-25-3312 (D.Md. Nov. 5, 2025) (ECF No. 5) (October 6, 2025 complaint alleging STSW and WCS attorneys' commission of several criminal violations, breach of contract, and intentional infliction of emotional distress dismissed sua sponte for lack of jurisdiction); Nwoga v. Silverman, Thompson, Slutkin & White, No. C-15-CV-25-006753 (Cir.Ct.MontgomeryCnty. Dec. 5, 2025) (deficient pleading struck December 31, 2025; case closed).

On July 2, 2025, Nwoga filed a Complaint in the present action against Defendants Catherine Schuster Pascale, Tracee Fruman, Eleanor Dayhoff-Branigan, Muara Lating, Megan Davey Limarzi, Susan Steinberg, Pam Arnold, Shannon Beatty, Lisa Marts, James

Hagin, Audrey Clark, James Polek, Fred Eveans, Lisa Ridolfi, Division of Drug Control of the Maryland Department of Health and Mental Hygiene, STSW, and WCS (ECF No. 1). On December 30, 2025, Nwoga moved for leave to file a First Amended Complaint. (ECF No. 22). The next day, she moved for leave to file a Second Amended Complaint. (ECF No. 23). On January 14, 2026, the Court granted Nwoga's Motion for Leave to File Second Amended Complaint, (ECF No. 30), and denied as moot the Motion for Leave to File First Amended Complaint, (ECF No. 29). Defendants Fruman, Hagin, Marts, and Pascale moved to dismiss the Second Amended Complaint on January 27, 2026. (ECF No. 44). STSW filed a Motion to Dismiss on February 18, 2026, (ECF No. 56), and WCS filed a Motion to Dismiss on February 20, 2026, (ECF No. 61). On April 14, 2026, the Court dismissed Nwoga's Second Amended Complaint as "woefully deficient" under Rule 8 of the Federal Rules of Civil Procedure. (Apr. 14, 2024 Order at 2–3, ECF No. 77).[5] Two days later, Nwoga filed her Motion for Leave to Amend. (ECF No. 78). STSW and WCS opposed Nwoga's Motion on April 24, 2026, (ECF No. 79), and Defendants Fruman, Hagin, Marts, and Pascale opposed the Motion on April 30, 2026, (ECF No. 80). Nwoga filed a Reply on May 5, 2026. (ECF No. 83).

STSW filed its Motion for Sanctions on March 20, 2026, (ECF No. 69), and WCS filed its Motion for Rule 11 Sanctions on March 23, 2026, (ECF No. 70). Nwoga opposed the Motions for Sanctions on April 30, 2026. (ECF No. 82). To date, neither STSW nor WCS has filed a Reply.

---

[5] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

## II. DISCUSSION

### A. Motion for Leave to Amend

#### 1. Standard of Review

A party may amend its complaint once as a matter of course within twenty-one days of serving it or within twenty-one days after the defendant files a motion to dismiss. Fed.R.Civ.P. 15(a)(1). For all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). In general, a "court should freely give leave when justice so requires." Id. Importantly, though, justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offs. of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001).

#### 2. Analysis

Nwoga's proposed Third Amended Complaint asserts claims against STSW and WCS under 42 U.S.C. § 1983 for alleged violations of her rights under the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as state law breach of fiduciary duty, fraudulent inducement, unjust enrichment, and vicarious liability claims.[6] (Third Am. Civil Rights Compl. ["Third Am. Compl."] at 9–11, ECF No. 78-1).

---

[6] Nwoga's proposed Third Amended Complaint asserts claims only against STSW, WCS, and, construing her self-represented pleading liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), a claim against Defendant Pascale under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment. It does not assert any claims against Defendants, Fruman, Dayhoff-Branigan, Lating, Limarzi, Steinberg, Arnold, Beatty, Marts, Hagin, Clark, Polek, Eveans, Ridolfi, or

Specifically, Nwoga alleges that attorneys employed by STSW and WCS conspired with state actors "to send her to prison for a crime she didn't commit"; deprived her of her right to effective assistance of counsel by concealing conflicts of interest; denied her meaningful access to the courts by "suppressing exculpatory evidence, misrepresenting conflicts, and interfering with post-conviction proceedings"; retaliated against her for her "protected litigation activity"; breached the duties of loyalty and candor that they owed her as her retained counsel; concealed conflicts of interest to induce her to retain them as counsel and pay "substantial" attorneys' fees; and unjustly retained the fees she paid for their services. (Id. at 1, 9–11). She alleges that STSW and WCS are vicariously liable for the actions of their employees. (Id. at 11). For the reasons stated below, the Court finds that Nwoga's proposed amendment would be futile and will thus deny her Motion for Leave to Amend.

Leave to amend is futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

the Division of Drug Control of the Maryland Department of Health and Mental Hygiene, nor does it name them as parties. (See generally Third Am. Civil Rights Compl. ["Third Am. Compl."], ECF No. 78-1).

misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

To determine whether a proposed amendment would be futile, courts do not conduct "an evaluation of the underlying merits of the case." Kolb v. ACRA Control, Ltd., 21 F.Supp.3d 515, 522 (D.Md. 2014) (quoting MTB Servs., Inc. v. Tuckman-Barbee Constr. Co., No. RDB-12-2109, 2013 WL 1819944, at *3 (D.Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, No. CCB-11-986, 2012 WL 37397, at *3 (D.Md. Jan. 5, 2012) (alteration in original) (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); Williams v. Cello P'ship, 825 F.Supp.3d 551, 563–64 (D.Md. 2026) (quoting Next Generation Grp., 2012 WL 37397, at *3). A Court should only deny leave to amend based on futility "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510–11 (4th Cir. 1986) (citations omitted) (noting that "[t]he complexity of the arguments advanced by counsel on both sides indicates that the issue . . . is not obviously frivolous"); see Next Generation Grp., 2012 WL 37397, at *3 ("[W]ithout addressing the ultimate merits of the claims, the

court finds that [plaintiff's] second amendment is warranted because at least some of its claims are not futile.").

Here, granting Nwoga leave to amend would be futile for at least three reasons. First, the Court lacks subject matter jurisdiction over her claims against STSW and WCS. There are two primary bases for subject matter jurisdiction in federal court: (1) federal question jurisdiction; and (2) diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332(a). Nwoga asserts that the Court has federal question jurisdiction over her constitutional claims and supplemental jurisdiction over her state law claims. (Third Am. Compl. ¶¶ 6–7); see 28 U.S.C. § 1367(a) (providing that in any case over which a district court has federal question jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Federal question jurisdiction exists when a claim "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Yet "[t]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." Malone v. Gardner, 62 F.2d 15, 18 (4th Cir. 1932).

Nwoga brings her constitutional claims under 42 U.S.C. § 1983. This statute permits "any person to recover damages or other relief from another who has deprived him of his constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage of

any State or Territory.'" Bush v. Bennett & Nathans L.L.P., No. AMD-04-3710, 2004 WL 3704197, at *1 n.5 (D.Md. Nov. 29, 2004) (quoting 42 U.S.C. § 1983), aff'd, 126 F.App'x 146 (4th Cir. 2005). In other words, a Section 1983 claim requires state action. Harding v. Kellam, 155 F.3d 559 (4th Cir. 1998) (Table) ("An essential element of a [S]ection 1983 claim is state action."). Purely private conduct is not actionable under Section 1983. Seward v. Franklin, No. 17-3252-CMC-SVH, 2018 WL 1801595, at *3 (D.S.C. Jan. 18, 2018), report & recommendation adopted, No. 17-CV-3252-CMC, 2018 WL 661469 (D.S.C. Feb. 1, 2018).

Here, as this Court has informed Nwoga on at least one prior occasion, see Sep. 11, 2025 Order at 2–3, Nwoga v. Silverman, Thompson, Slutkin & White, No. GLR-25-2966 (D.Md. Sep. 11, 2025) (ECF No. 5), STSW and WCS are private entities that cannot be regarded as state actors under Section 1983, see Bush, 2004 WL 3704197, at *1 n.5 (explaining that private attorneys are not state actors under Section 1983). Nwoga's arguments to the contrary—namely that Defendants represented the Government's interests and not her own—do not change this conclusion. Dyer v. Maryland State Bd. of Educ., 187 F.Supp.3d 599, 615 (D.Md. 2016) (It is "well settled that a private attorney does not become a state actor simply by representing a public body." (quoting Freshwater v. Mount Vernon City Sch. Dist. Bd. of Educ., No. 2:09-cv-464, 2010 WL 1434314, at *2 (S.D.Ohio Apr. 8, 2010))), aff'd, 685 F.App'x 261 (4th Cir. 2017). Therefore, because Nwoga fails to allege state action, this Court lacks subject matter jurisdiction over her Section 1983 claims and, as a result, over her state law claims. See Seward, 2018 WL 1801595, at *3 (finding that plaintiff failed to assert a valid basis for federal question

jurisdiction under Section 1983 because he did not allege sufficient facts to demonstrate that the defendant acted under color of state or federal law); 28 U.S.C. § 1367(a).[7]

Second, Nwoga's claims against STSW and WCS are time-barred. Under Maryland law, civil actions are subject to a three-year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2026). This Court has held that "the general three year statute of limitations under § 5-101 applies generally to claims under § 1983." Davidson v. Koerber, 454 F.Supp. 1256, 1261 (D.Md. 1978).

Here, Nwoga's claims arise from the factual circumstances surrounding her 2018–19 prosecution and conviction and are premised on acts taken by STSW and WCS attorneys between 2016 and April 2022.[8] (See Third Am. Compl. ¶¶ 1–5, 13–46). The three-year

[7] Nwoga does not allege that the Court would have diversity jurisdiction over her state law claims; in any event, none exists, because there is not complete diversity of citizenship among the parties. (See Third Am. Compl. ¶¶ 9–10); 28 U.S.C. § 1332.

[8] For the most part. Nwoga does allege that "STSW and WCS continue to act under color of state law and as willful joint participants with the State even today." (Third Am. Compl. ¶ 47). She cites as an example of this alleged ongoing conduct STSW's filing of a document in this case on April 7, 2026, referencing a March 2026 Memorandum Opinion and Order by this Court dismissing a petition for writ of habeas corpus that she filed. (Id. ¶ 48; see Apr. 7, 2026 Correspondence at 1, ECF No. 74 (citing Mar. 27, 2026 Mem. Op. & Order, Nwoga v. Warden, No. DLB-22-3299 (D.Md. Mar. 27, 2026) (ECF Nos. 22–23))). According to Nwoga, STSW "improperly introduced a previously dismissed habeas petition to interfere with the current proceeding" and "misled the [c]ourt by omitting that a second [h]abeas petition is active and proceeding." (Third Am. Compl. ¶¶ 48–49). Even under the less stringent standard of review applied to self-represented pleadings, Erickson, 551 U.S. at 94 (citing Estelle, 429 U.S. 106), these statements do not "allege[] nonfrivolous matters which, if true, entitle" Nwoga to relief, Coleman v. Payton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Nwoga's allegations of unlawful conduct by STSW and WCS within the past three years thus fail to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8(a) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

statute of limitations for any civil claims arising from these alleged acts has run (and had run even before Nwoga filed her original Complaint in this action).

Finally, Nwoga's claims against STSW and WCS are barred by res judicata and the decision of the Circuit Court for Montgomery County in Nwoga v. Stanley, No. C-15-CV-24-002005 (Cir.Ct.MontgomeryCnty. Apr. 26, 2024). The doctrine of res judicata, or claim preclusion, "bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" Ohio Valley Env't Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore, et al., Moore's Federal Practice § 131.10(1)(a) (3d ed. 2008)). The Court affords self-represented litigants "some leniency" with respect to res judicata; however, it has declined to "carve out a categorical pro se exception to the well-established rule of claim preclusion." Depaz v. Home Loan Servs., Inc., No. AW-10-3062, 2011 WL 1630323, at *3 (D.Md. Apr. 28, 2011).

In order for res judicata to bar a claim, three elements must be present: (1) the present parties are the same or in privity with the parties in the earlier dispute; (2) the earlier dispute was based upon the same cause of action; and (3) there has been a final judgment on the merits. See Ohio Valley, 556 F.3d at 210 (citations omitted); accord Anne Arundel Cty. Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005).[9]

[9] Because Nwoga v. Stanley, No. C-15-CV-24-002005 (Cir.Ct.MontgomeryCnty. Apr. 26, 2024), was a state court matter in Maryland, the preclusive effect of res judicata on the claims raised therein is determined by reference to Maryland law, Jacobs v. Venali, Inc., 596 F.Supp.2d 906, 913 (D.Md. 2009).

Here, all three elements are present. First, Nwoga, as here, was the plaintiff in the state court action. (Nwoga v. Stanley Dkt. ["Dkt."] at 3, ECF No. 61-2). STSW is in privity with Richard Karceski, Steve Silverman, and Andy White, attorneys in its employ who were named as defendants in the state action and upon the conduct of whom Nwoga asserts STSW's liability in this case rests. (Id. at 3, 5–6; see Third Am. Compl. ¶¶ 10–50); Anyanwutaku v. Fleet Mortg. Grp., Inc., 85 F.Supp.2d 566, 571 (D.Md. 2000) ("Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right."). Similarly, WCS is in privity with Howard Schulman, an attorney in its employ who was named as a defendant in the state action and upon the conduct of whom Nwoga asserts WCS's liability in this case rests. (Dkt. at 8; see Third Am. Compl. ¶¶ 10–11, 12–50); Anyanwutaku, 85 F.Supp.2d at 571. Thus, the privity requirement is satisfied.

Second, Nwoga, as in the present case, raised claims of conspiracy, fraud, and unjust enrichment, based on the circumstances of her 2018–19 prosecution and conviction, in the state court action. (See Third Am. Compl. at 9–11; see generally Apr. 26, 2024 Compl. Cir. Ct. Montgomery Cnty., ECF No. 56-19). As for Nwoga's proposed Section 1983, breach of fiduciary duty, unjust enrichment, and vicarious liability claims, (see Third Am. Compl. at 10–11), to find that those claims are barred by res judicata, the Court need not find that Nwoga advanced identical claims in the state court action, Ohio Valley, 556 F.3d at 210. Rather, so long as the present suit "arises out of the same transaction or series of transactions as the claim[s] resolved by" the state court judgment, the state suit "will have preclusive effect." Id. (quoting Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990));

accord Kent Cnty. Bd. of Educ. v. Bilbrough, 525 A.2d 232, 238 (Md. 1987) (approving use of "transaction" test to determine claim preclusion); see also Boyd v. Bowen, 806 A.2d 314, 325 (Md.Ct.Spec.App. 2002) (noting that "[u]nder the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose"). Nwoga's Section 1983, breach of fiduciary duty, unjust enrichment, and vicarious liability claims arise from "the same transaction or series of transactions," as her 2024 state court action: her 2018–19 prosecution and conviction. Ohio Valley, 556 F.3d at 210; (see generally Third Am. Compl.; Apr. 26, 2024 Compl. Cir. Ct. Montgomery Cnty.). Thus, the same cause of action requirement is satisfied.

Finally, there has been a final judgment on the merits. The Circuit Court for Montgomery County dismissed Nwoga's complaint with prejudice. (See generally Dec. 26, 2024 Orders Cir. Ct. Montgomery Cnty., ECF Nos. 61-3 to 61-5). "It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes." Bradley v. Artery Custom Homes, LLC, No. PJM-08-539, 2009 WL 6560200, at *3 (D.Md. Jan. 29, 2009) (citing Church v. Maryland, 53 F.App'x 673 (4th Cir.2002)). Thus, the final judgment requirement is satisfied.[10]

[10] As stated above, Nwoga's proposed Third Amended Complaint, in addition to asserting various claims against STSW and WCS, asserts a claim against Pascale for First Amendment retaliation. (See Third Am. Compl. at 9–10). Nwoga states that as a condition of her parole, she was required to pay $50 per month in restitution, later increased to $75 per month. (Id. ¶ 51). She alleges that in 2025, Pascale "and others" fabricated a document that they claimed required her to pay over $9,000 per month in restitution and that Pascale "caused, initiated, requested, and/or was a substantial factor in proceedings alleging" that Nwoga had violated her parole by failing to pay that amount. (Id. ¶¶ 52–53). Nwoga alleges

Accordingly, the Court will deny Nwoga's Motion for Leave to Amend.

## B. Motions for Sanctions

### 1. Standard of Review

Rule 11 of the Federal Rules of Civil Procedure provides that by presenting to the court a pleading, motion, or other paper, an attorney or self-represented litigant "certifies . . . to the best of [their] knowledge, information, and belief," formed after a

---

that Pascale did so in retaliation for her engagement in the protected activity of filing civil rights litigation and that Pascale "spoke to the judge" about her civil rights lawsuits at her parole violation hearing. (Id. ¶¶ 51, 54). As a result of Pascale's actions, Nwoga alleges, the court sentenced her to fifteen days of incarceration for violating the conditions of her parole, of which she served eleven days in November 2025. (Id. ¶ 54).

Assuming that Nwoga's Third Amended Complaint states a claim against Pascale upon which relief can be granted, that claim would be barred by the decision of the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). As this Court has explained in a prior Order dismissing claims by Nwoga against Pascale and others involved in her state prosecution, see Mar. 16, 2020 Order at 2–3, Nwoga v. Office of Controlled Substances, No. GLR-20-109 (D.Md. Mar. 16, 2020) (ECF No. 3), in Heck, the Supreme Court held that "to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or that the conviction or sentence has been "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," 512 U.S. at 486–87. Where "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence, and (2) the plaintiff does not plead facts inconsistent with guilt," however, the § 1983 claim may proceed even if the underlying conviction has not been declared invalid. Covey v. Assessor of Ohio Cnty., 777 F.3d 186, 197 (4th Cir. 2015). "The Supreme Court's ruling in Heck also applies to probation and parole violation proceedings." Wise v. Storie, No. DKC-19-2413, 2020 WL 5203366, at *2 (D.Md. Sep. 1, 2020). Here, Nwoga asserts that the state court found that she had violated her parole and sentenced her to fifteen days of incarceration based on evidence fabricated by Pascale in retaliation for her protected First Amendment activities, (Third Am. Compl. ¶¶ 51–54)—a set of facts that, if true, would be inconsistent with guilt. Accordingly, Nwoga's claim against Pascale for First Amendment retaliation would be barred by Heck.

reasonable inquiry, that (1) they are not presenting the paper "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed.R.Civ.P. 11(b). In general, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1). The court must limit any sanctions imposed under Rule 11(c), however, "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(4).

**2. Analysis**

STSW asks the Court to impose, as a sanction under Rule 11, a prefiling injunction requiring Nwoga "to obtain leave of Court before filing any new action against STSW, or its current or former attorneys, employees, or agents relating to the alleged circumstances of her 2018–2019 criminal prosecution and conviction." (Mot. Sanctions at 1, ECF No. 69). Similarly, WCS requests a prefiling injunction and order (1) prohibiting Nwoga from filing any claims barred by the decision of the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), while her 2019 state criminal conviction remains valid;

(2) prohibiting Nwoga from filing any other claims without leave of Court; (3) requiring Nwoga to pay the filing fees for "any future civil cases filed in this Court arising out of her 2019 convictions and sentencing"; and (4) warning Nwoga "that she is subject to further sanctions, including monetary sanctions, sua sponte under Rule 11 for any additional cases she files." (Mot. Rule 11 Sanctions at 1, ECF No. 70). Nwoga counters that the imposition of a prefiling injunction, which "is reserved for claims utterly lacking a factual or legal basis," would be inappropriate here. (Pl.'s Suppl. Combined Opp'n Defs.' Mots. ["Opp'n"] at 5–6, ECF No. 82). For the reasons stated below, the Court finds that a prefiling injunction of the scope proposed by STSW is warranted.

The All Writs Act, 28 U.S.C. § 1651, "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) (citing 28 U.S.C. § 1651(a)). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." Id. Accordingly, a court should not limit a litigant's access to the courts "absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" Id. at 817–18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). The use of a prefiling injunction against a self-represented litigant "'should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

To determine if a prefiling injunction against a litigant is warranted, a court "must weigh all the relevant circumstances," including: (1) "the party's history of litigation, in

particular whether he has filed vexatious, harassing, or duplicative lawsuits"; (2) "whether the party had a good faith basis for pursuing the litigation, or simply intended to harass"; (3) "the extent of the burden on the courts and other parties resulting from the party's filings"; and (4) "the adequacy of alternative sanctions." Id. (citations omitted). If a court "determines that a litigant's abusive conduct merits a prefiling injunction" after weighing all relevant factors, it "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. (citations omitted).

Here, all relevant factors weigh in favor of imposing a prefiling injunction. First, as noted above, Nwoga has filed thirteen actions—ten in this Court—against STSW, WCS, and the attorneys in their employ arising from the circumstances of her 2018–19 criminal prosecution and conviction. Of the actions filed in this Court, Nwoga filed seven in 2025 alone, all within the five-month span between May and October of that year. Moreover, she filed the second of these seven actions only two days after the Court dismissed the first for lack of jurisdiction; filed the present action (her third in this Court in 2025) while the second was still pending; and filed the most recent four actions during the pendency of this case, each within days to weeks of the dismissal of the previous case for lack of jurisdiction. Nwoga's filing of these duplicative lawsuits in such rapid succession weighs in favor of imposing a prefiling injunction.

Second, the Court finds that Nwoga lacked a good faith basis for pursuing these duplicative actions and that she has filed her repeated complaints with the intent to harass. Each of the ten cases that Nwoga has filed in this Court against STSW, WCS, and their employees has arisen from the same set of circumstances; the Court has dismissed each

case, the present action excepted, for lack of jurisdiction; and Nwoga's complaints in many of her cases have pleaded claims identical or nearly identical to ones already dismissed by this Court. This factor, too, weighs in favor of a prefiling injunction.

Third, although STSW, WCS, and their employees have not needed to respond to most of the complaints that Nwoga has filed against them in this Court, as the Court has dismissed all but one sua sponte at the pleading stage, the Court has expended considerable time and resources responding to Nwoga's filings. Finally, given the volume and frequency of Nwoga's filings and her disregard for the prior rulings of this Court, the Court finds that alternative sanctions would be ineffective. Thus, although prefiling injunctions against self-represented litigants "remain very much the exception to the general rule of free access to the courts," Cromer, 390 F.3d at 818 (quoting Pavilonis, 626 F.2d at 1079), the Court, having weighed all relevant factors, finds that such an injunction is warranted here.

Turning now to scope, the Court finds that a prefiling injunction requiring Nwoga to seek leave of Court before filing any action against STSW, WCS, or their current or former attorneys, employees, or agents arising from or relating to the circumstances of her 2018–19 criminal prosecution and conviction would be "narrowly tailored to fit the specific circumstances at issue." Id.

Accordingly, the Court will grant STSW's Motion for Sanctions and grant WCS's Motion for Rule 11 Sanctions to the extent that it seeks a prefiling injunction of the scope described above.[11]

---

[11] As noted above, WCS seeks an injunction and order (1) prohibiting Nwoga from filing any claims barred under Heck; (2) prohibiting Nwoga from filing any other claims

## III. CONCLUSION

For the foregoing reasons, the Court will deny Nwoga's Motion for Leave to Amend (ECF No. 78), grant STSW's Motion for Sanctions (ECF No. 69), and grant in part and deny in part WCS's Motion for Rule 11 Sanctions (ECF No. 70). A separate Order follows.

Entered this 18th day of November, 2026.

/s/
George L. Russell, III
Chief United States District Judge

---

without leave of Court; (3) requiring Nwoga to pay the filing fees for "any future civil cases filed in this Court arising out of her 2019 convictions and sentencing"; and (4) warning Nwoga "that she is subject to further sanctions, including monetary sanctions, sua sponte under Rule 11 for any additional cases she files." (Mot. Rule 11 Sanctions at 1, ECF No. 70). The Court finds that an injunction and order prohibiting Nwoga from filing any action, without leave of Court, against WCS or its current or former employees arising from her prosecution and conviction would encompass the relief sought by WCS in parts (1) and (2) of its request. Further, the Court decides whether to grant a Motion to Proceed in Forma Pauperis or whether to require a self-represented litigant to pay the filing fee associated with an action based on the party's indigency status. Thus, an order requiring Nwoga to pay the filing fees for future actions that she files in this Court would be both inappropriate and unnecessary, given the scope of the injunction to be imposed by the Court. Finally, the Court forewarns Nwoga that failure to comply with the Order to follow may subject her to additional sanctions.